

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 23, 1947

Mr. John W. Newton,
Member Board of Directors,
Texas A. & M. College,
P. O. Box 3311,
Beaumont, Texas                 Opinion No. V-462

                    Re:  Whether a Member of the
                         Board of Directors of
                         A & M College holds an
                         Office of Emolument.

Dear Mr. Newton:

          In your letter to this department you state
that the State Auditor has questioned the legality of
your serving simultaneously on the Board of Directors
of both Texas A. & M. College and the Lower Neches Val-
ley Authority, in view of Section 40 of Article 16 of
the Texas Constitution.

          That article provides in part:

          "No person shall hold or exercise, at
     the same time, more than one civil office of
     emolument . . . ."(Emphasis added throughout
     this opinion.)

          Unquestionably, both of these positions on
the Board of Directors are "civil offices." It will be
so assumed for the purposes of this opinion. But the
constitutional prohibition is not simply against the hold-
ing of two civil offices. To come within that Article the
positions must be offices of emolument.

          The rule is stated in 34 Tex. Jur.,
349, Public Officers, Sec. 17:

          "The Constitution applies only to of-
     fices of emolument. 'Emolument' means a
     pecuniary profit, gain or advantage; hence
     the same person may hold two civil offices
     where no pay, compensation or pecuniary gain
     attaches to one of them, provided they are
     not incompatible."

The rule is similarly stated in State v. Martin, (Civ. App. 1932), 51 S. W. (2d) 815, where the right of an individual to hold the offices of school trustee and tax assessor was challenged:

"The constitutional provision does not, per se and as a matter of law, prohibit a person from holding the office of school trustee while also holding another public office, for the simple reason that that provision applies, arbitrarily, only to 'civil office(s) of emolument,' whereas the office of trustee of the Laredo independent school district is not one of 'emolument,' since the holders thereof 'shall serve without compensation.'"

See also Graves v. M. Griffin O'Neil & Sons, 189 S. W. 778; Thomas v. Abernathy County Line I. S. D., 278 S. W. 312, rev. on other grounds (that the offices were incompatible), 290 S. W. 152; and Attorney General's Opinions 0-1422 and 0-2991.

Since the statute creating the Lower Neches River Authority provides that the members of its Board of Directors "shall receive as fees of office the sum of not to exceed Ten Dollars ($10.00) per day for each day of service necessary to discharge their duties," that office is one of emolument. Acts 43rd Leg., 1933, 1st C. S. p. 169; 21 V.C.S. 581; Opinion 0-490.

However, Article 2612 R.C.S., with reference to A. & M. College, provides:

"Said Directors shall serve without compensation, but shall receive actual expenses incurred in attending said meetings or in the transaction of any business of the College imposed by said Board."

Since the Statute expressly provides that such directors shall serve without compensation, the provision for mere reimbursement of actual expenses does not make the office one of "emolument."

The term "emolument" has been defined as meaning "pecuniary profit, gain, or advantage." Irwin v. State, (Tex. Crim. App. 1944) 177 S. W. (2d) 970. Bouvier's Law Dictionary defines "emolument" as "The profit arising from office or employment; that which is received as compensation for services, or which is annexed to the position of office

as salary, . . . ."  Webster's New International Diction-ary (2nd ed. unabridged) defines "emolument" as "Profit from office, employment, or labor; compensation, fees or salary."

We therefore hold, and you are so advised, that since the office of Director of A. & M. College is not one of "emolument," the statute expressly providing that such directors shall serve "without compensation." You may therefore simultaneously hold that office and the office of Director of the Lower Neches Valley Authority.

However, since both directorships are offices of honor and trust, you may not be paid from the Treasury for salary or compensation.  Art. 16, Sec. 33.  Since you have stated that you will not accept any payment or reim-bursement for salary or expenses from either office, it is not necessary to here decide whether "expenses" come within the terms "salary or compensation," as used in Sec-tion 33 of Article 16.  That article reads:

> "The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State. . . ."

## SUMMARY

Membership on the Board of Directors of A. & M. College, while constituting an office, is not an "office of emolument," since Article 2612 expressly provides that such members shall serve "without compensation."  Hence one per-son may serve as a member of the Board of Direc-tors of A. & M. College and the Lower Neches Valley Authority.  Section 40 of Art. 16.  How-ever, the accounting officers of the State may not issue a warrant in his behalf for salary or compensation while such person holds both offices. Section 33 of Article 16.

Yours very truly,

Joe R. Greenhill
Executive Assistant

APPROVED:

ATTORNEY GENERAL

JRG:wb